...

The Honorable Ronald B. Leighton

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| B.T., a minor, and SUSANE TURNER, individually and as the natural mother of B.T., Plaintiffs, v. UNITED STATES OF AMERICA, et al., Defendants. | CASE NO. 3:13-cv-05166-RBL PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE EXPERT TESTIMONY OF ERIC KNOWLES, MBA NOTE ON MOTION CALENDAR: FRIDAY, MAY 23, 2014 |
|---|---|

## I.   INTRODUCTION AND REQUEST FOR RELIEF

The Defendant's Disclosure of Expert Testimony pursuant to FRCP 26(a)(2) was deficient and untimely.  Pursuant to FRCP 37(c), Plaintiffs move to strike Defendant's expert, Eric Knowles, MBA, and/or to exclude his testimony.[1]

## II.   STATEMENT OF FACTS

This is a medical malpractice case by B.T. and his mother, Susane Turner, against

---

[1] FRCP 37(b) also supports Plaintiffs' Motion to Strike.

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 1

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

United States Army (U.S.) physicians Leah McMann, M.D. (Dr. McMann), Zachary Fisher, CPT, MC (Dr. Fisher), and Lynne Ruess, M.D. (Dr. Ruess) for care provided at Tripler Army Medical Center (TAMC) on January 25, 2007 through February 5, 2007.

A Minute Order Setting Trial, Pretrial Dates was filed by the Court on June 19, 2013 (Holman Decl., Exh. 1).

### III. ISSUE PRESENTED

**ISSUE:** Where Defendant did not disclose expert reports until April 25, 2014 pursuant to Court order, should the experts be stricken or their testimony be excluded pursuant to FRCP 37(c)?

**ANSWER:** Yes.

### IV. EVIDENCE RELIED UPON

Plaintiffs submit the following as evidentiary support for their motion:

1. Declaration of James L. Holman with Exhibits

### V. ARGUMENT AND AUTHORITY

**A. FRCP 26(a)(2) requires the disclosure of experts who will testify at trial and has specific requirements as what that disclosure must contain.**

FRCP 26(a)(2) provides as follows:

(a) **Required Disclosures.**

(2) *Disclosure of Expert Testimony.*

(A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 2

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

> signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.
>
> (emphasis added)

**B. Defendant's Expert Disclosure as to Eric Knowles fails to satisfy the requirements in FRCP 26 (a)(2)(B).**

Defendant United States' Disclosure of Expert Witnesses is attached to the Declaration of James L. Holman as Exhibit 2.[2]

All that is stated for Eric Knowles is:

> "Eric Knowles may testify as to Plaintiff B.T.'s alleged economic losses and future medical costs. He has not given testimony in the last four years. His C.V. and fee schedule are attached. His report will be forth coming once Plaintiffs have disclosed and produced a final, complete economic report and life care plan for Plaintiff B.T. An additional report may be provided after the I.M.E. of Plaintiff B.T. is performed."

This is an insufficient expert witness disclosure under FRCP 26(a)(2) as no report is provided and no opinions are set forth within the disclosure. While Defendant's wording in

---

[2] On the March 26, 2014, Defendant provided a preliminary report of Janet Toney, defense life care planner. Ms. Toney's report was marked as preliminary and was later supplemented on April 25, 2014. Plaintiffs reserve the right to exclude opinions offered by Ms. Toney regarding future collateral source, and will do so consistent with the deadline set forth in the Minute Order Setting Trial, Pretrial Dates order.

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 3

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

the disclosure attempts to classify the testimony and opinions of Eric Knowles as "rebuttal" to Plaintiff's economic report and care plan, this characterization fails.

In *LeBarron v. Haverhill Co-op School Dist.*, 127 F.R.D. 38 (D. NH 1989), the plaintiff submitted "a brief disclosure document which provided the names of two expert witnesses, Dr. Jack Lawson and Dr. Leonard Tashman. In pertinent part, that document noted that no reports had yet been received from either of the two experts, but "[t]he plaintiff expects to receive reports from his experts within the next two weeks and will provide said reports to the defendants as soon as possible." 127 F.R.D at 39. Two weeks later the plaintiff submitted a second disclosure with respect to his expert Lawson which stated:

> Professor Lawson is a Professor of Education at the Department of Education of the University of New Hampshire. Professor Lawson is expected to give expert testimony concerning the justification for the Department's alleged Reduction in Force that resulted in the non-renewal of the Plaintiff. He may address other issues presented in the opinion and deposition of Nathaniel Ober, and other issues which may arise during trial. Professor Lawson's testimony will be based on documents provided by the parties, responses to discovery, testimony of witnesses, exhibits introduced at trial, and his knowledge and experience concerning enrollment, determination of teacher levels, and public school finance and administration.

*Id.* **The court found this "expert disclosure" inadequate and specifically rejected the plaintiff's argument that no report was required because his expert would only be responding to the report prepared by the defendant's expert**. *Id.* at 40. The expert was prohibited from testifying where that expert's disclosure was inadequate. While the report identified the expert and stated generally the subject matter on which the expert was expected to testify, it provided no information concerning the substance of the expert's

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 4

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

testimony or the grounds upon which testimony would be based. *Id. See In Re Burch*, 38 Fed.R.Serv.2d 263 (D.Md. 1983).

*LeBarron* is identical to the facts of this case. Defendant U.S. is claiming that Mr. Knowles needed to respond to Plaintiffs' experts. First, this is not accurate. The care plan of Janet Toney was provided to Plaintiffs on March 26, 2014. Presumably this same plan was or should have been provided to Mr. Knowles prior to that date so that he could complete his analysis to determine the future cost of medical care required by B.T. as a result of B.T.'s medical condition. In addition to the report of Ms. Toney, Mr. Knowles would have also had the opportunity to review any medical records, witness testimony or Plaintiff testimony if needed to complete his report. Whether and when the Defendant provided Ms. Toney's report or additional records to Mr. Knowles is unknown and irrelevant. It was Defendant U.S. responsibility to provide ample time for Mr. Knowles to prepare a report regarding his opinions based on Ms. Toney's life care plan and to provide those opinions in a timely manner prior to or on March 26, 2014. Mr. Knowles report and opinions are not based upon Plaintiff's life care plan, but based upon Defendant's own suggested care plan. It is improper for Defendant to submit untimely opinions of its experts under the guise of rebuttal in an effort to circumvent the Court ordered deadlines. There is no justifiable excuse for Defendant not having these opinions at the time expert witness disclosures were due.

Defendant U.S. failed to provide the materials, request the opinions, and provide those by expert disclosure pursuant to the Minute Order Setting Trial, Pretrial Dates and FRCP 26(a)(2). As the Court in *LeBarron* struck the testimony of these witnesses, so should this Court for the failure to provide witness disclosures under FRCP 26(a)(2).

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 5

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

C. **The Defendant's failed to disclose Eric Knowles report consistent with this Court's Order and its reliance on FRCP 26(a)(2)(D)(ii) is incorrect.**

Expert witness disclosures were due on March 26, 2014. See Exhibit 1. Defense counsel did not provide Mr. Knowles untimely expert report until April 25, 2014. See Declaration of James L. Holman, Exhibit 3. Defense counsel provided a letter with the disclosure stating: "Pursuant to Rule 26(a)(2)(D)(ii) and the United States' expert disclosures, dated March 26, 2014, enclosed please find the rebuttal reports of Janet Toney and Eric Knowles."

The rule cited by defense counsel states:

(D) Time to Disclose Expert Testimony. **A party must make these disclosures at the times and in the sequence that the court orders**. **Absent** a stipulation or **a court order, the disclosures must be made:**

 (i) at least 90 days before the date set for trial or for the case to be ready for trial; or

 (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B)or (C), within 30 days after the other party's disclosure.

**There is a Court Order in this case setting forth when the expert disclosures were required to be made**. See Declaration of James L. Holman, Exhibit 1. Defendant's attempt to characterize Mr. Knowles opinions as "rebuttal", after having failed to comply with the court ordered deadline is transparent. Additional evidence of this tactic is found upon review of Ms. Toney's preliminary report and supplemental report. Ms. Toney indicates in her **preliminary report**, dated March 24, 2014, that she reviewed the Life Care Plan and C.V. of Plaintiffs' expert Anthony Choppa as well as the Economic Analysis and C.V. of Robert Moss. Without commenting on the content of Ms. Tony's supplemental report, dated April 22, 2014, Ms. Toney clearly identifies it as a **rebuttal report**. (emphasis

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 6

Case No. 3:13-cv-05166-RBL

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

added). While FRCP 26(a)(2)(D)(ii) may govern the appropriate timing and deadline for Ms. Toney's rebuttal report, it does not disturb or modify this Court's Order requiring disclosure on March 26, 2014.

Defendant cannot use FRCP 26(a)(2)(D)(ii) to rectify failing to provide Mr. Knowles report by the date in the court order. The rule is clear that **absent** a court order or stipulation, (i) and (ii) apply.

**C.     Pursuant to CR 37(c), the appropriate sanction for failing to properly disclose experts' testimony consistent with deadlines set forth in a court order is automatic exclusion.[3]**

Additionally, CR 37(c), Failure to Disclose, to Supplement an Earlier Response, or to Admit, states in pertinent part:

> (1)   *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless.

**CR 37(c) provides for automatic exclusion of witnesses and information that were not disclosed despite a duty to do so under Rule 26(a).** *supra*.[4] CR 37(c) is similar to CR 37(b)(2)(A)(ii), *supra*, which prohibits the party in violation of supporting claims or

---

[3] CR 37(b), Failure to Comply with a Court Order, states in pertinent part:

(2) *Sanctions in the District Where the Action is Pending.*

(A)   For not Obeying a Discovery Order. If a party or party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include:

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

[4] See also Federal Practice and Procedure, 8B Fed.Prac. & Proc. Civ §2289.1 (3d ed.) citing 146 F.R.D. at 691 (The Committee Note accompanying the 1993 amendments to the civil rules of procedure describes the new sanction as "self-executing" and "automatic.")

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 7

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

defenses or introducing certain evidence at trial and also with regard to any motion or hearing. CR 37(c) applies to expert witness disclosures. *See generally, Cary v. Automobile Ins. Co. of Hartford, Connecticut,* 838 F. Supp. 2d 1117 (D. Colo. 2011) (The court would not consider testimony of insureds' proposed expert witness because they did not include an expert opinion in disclosure.) *Carr v. Deeds,* 453 F.3d 593 (4th Cir. 2006) (expert disclosures are often the centerpiece of discovery. A party that fails to provide these disclosures unfairly inhibits its opponent's ability to be prepared. The district court did not abuse its discretion in excluding plaintiffs expert witnesses due to plaintiffs failure to comply with the expert disclosure rule.); *Romero v. Drummond Co., Inc.,* 552 F.3d 1303 (11th Cir. 2008) (The district court did not act improperly in excluding plaintiff's experts because their reports were inadequate. Each report provided a single paragraph to explain the expert's anticipated opinion and the basis for it. None stated the anticipated opinion with sufficient specificity to allow defendant to prepare for rebuttal or cross-examination.); *Proveris Scientific Corp v. Innovasysystems, Inc.,* 536 F.3d 1256 (Fed. Cir. 2008) (the testimony of an expert could be excluded on the basis that he did not submit a written expert report.)

In this case, Defendant has not complied with this Court's Minute Order Setting Trial, Pretrial Dates. See Exhibit 1. Disclosure of expert testimony under FRCP 26(a)(2) was due on March 26, 2014. *Id.* The Court's Order clearly states **that "these are firm dates that can be changed only be order of the Court."** *Id.* Defendant failed to comply with this Court's Order, and did not provide defense economist Eric Knowles expert testimony disclosures until April 25, 2014. The appropriate sanction for failure to comply with the duty to disclose is exclusion.

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 8

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

E. **Defendant's failure to properly disclose expert opinions consistent with CR 26 and Court Order has prejudiced Plaintiffs and meaningfully affected Plaintiffs' ability to prepare for trial.**

The time for the Defendant's economist's report to be disclosed came and went over a month ago. All discovery must be completed in this matter in less than a month, with a discovery deadline of May 27, 2014, rapidly approaching. Plaintiffs and their counsel are prejudiced in their ability to prepare this significant litigation for trial as a result of the untimely disclosure by the Defendant. The future medical needs of Plaintiff are extensive and complex. Determining the finances associated with Plaintiff's future medical care are similarly extensive and complex when trying to ensure that Plaintiff, age 7, will have appropriate care and the resources to afford that care for the rest of his life.

Both Plaintiffs' counsel and Plaintiffs' economist need time to review, comprehend, and address the opinions of Mr. Knowles. Defendant disregarded this Court's Order regarding disclosure and has unilaterally deprived Plaintiffs of necessary time to discern the Defendant's analysis and provide rebuttal opinions. Likewise, Defendant's failure to disclose has precluded Plaintiffs' counsel from being able to prepare for his cross-examination of Defendant's economist. Defendant's unjustified failure to follow the rules undermines Plaintiffs' ability to prepare for trial. See generally, *Pena-Crespo v. Puerto Rico*, 408 F.3d 10 (1st Cir. 2005) (Court stated that expert discovery often involves complex inquiries, the expert witness disclosure rule increases the quality of trials by better preparing attorneys for cross-examination. The failure to provide an expert report that satisfies the rule undermines opposing counsel's ability to prepare for trial.) This Court should not condone Defendant's failure to comply with Court Order the Rules of Civil Procedure or allow Defendant's untimely disclosure to prejudice Plaintiffs.

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 9

Case No. 3:13-cv-05166-RBL

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924

## VI. CONCLUSION

Defendant U.S. failed to meet the requirements of the Minute Order and FRCP 26(a)(2). As a consequence, Defendant's expert, Eric Knowles should be stricken or his testimony excluded based on FRCP 37(c).

DATED this 30th day of April, 2014.

HOLMAN LAW, PLLC

*/s/ James L. Holman*

James L. Holman, WSBA No. 6799
4041 Ruston Way, Suite 101
Tacoma, WA 98402
(253) 627-1866
(253) 627-1924 – fax
JLH@theholmanlawfirm.com

Counsel for Plaintiffs

LAW OFFICE JOHN C. GALBRAITH

*/s/ John C. Galbraith*

John C. Galbraith, WSBA No. 11307
3639 North Pearl Street
Tacoma, WA 98407
(253) 752-0707
(253) 752-0735 – fax
john@galbraithlaw.net

Counsel for Plaintiffs

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 10

Case No. 3:13-cv-05166-RBL

HOLMAN LAW PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866  F 253.627.1924

## CERTIFICATE OF SERVICE

I certify that on the date noted below, I electronically filed this document entitled **PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE EXPERT TESTIMONY OF ERIC KNOWLES, MBA AND DECLARATION OF JAMES L. HOLMAN WITH EXHIBITS** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participant:

> Patricia D. Gugin
> pat.gugin@usdoj.gov
> Assistant United States Attorney
> United States Attorney's Office
> 1201 Pacific Avenue, Suite 700
> Tacoma, WA 98402

I further certify that I have caused to be served in the manner noted below a copy of the above-mentioned document to the following non-CM/ECF participant(s):

I certify that on the date noted below, I caused for delivery a copy of this document entitled _____ to the following and in the following manner:

DATED this 30th day of April 2014, at Tacoma, Washington.

_____
Dao A. Nguyen, Legal Assistant

PLAINTIFFS' MOTION TO STRIKE AND/OR EXCLUDE
EXPERT TESTIMONY OF ERIC KNOWLES, MBA - 11

Case No. 3:13-cv-05166-RBL

**HOLMAN LAW** PLLC
The Holman Building
4041 Ruston Way, Suite 101
P.O. BOX 1338
Tacoma, WA 98401-1338
T 253.627.1866 F 253.627.1924