HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| B.T., et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　　　Defendants. | CASE NO. C13-5166 RBL<br><br>ORDER ON SUMMARY JUDGMENT MOTIONS<br><br>[Dkt. #s16, 18, 19] |

THIS MATTER is before the Court on Plaintiff B.T.'s Motions for Summary Judgment on the statute of limitations and on liability [Dkt. #s 18, 19]. Also before the Court is Defendant United States' Motion for Summary Judgment on the statute of limitations [Dkt. #16]. B.T. seeks judgment as a matter of law that his medical malpractice claim is not barred by the statute of limitations and that the United States is liable for his injuries. The United States seeks judgment as a matter of law that B.T.'s claim is barred by the statute of limitations.

In 2007, B.T. visited Dr. McMann, a urologist, at Tripler Army Medical Center (Tripler) to treat a testicular mass. During the visit, B.T. had an x-ray taken of his chest. Radiologists Fisher and Ruess noted a curve in B.T.'s spine and reported it to Dr. McMann, who noted it in

ORDER ON SUMMARY JUDGMENT MOTIONS - 1

her records. Dr. McMann did not physically examine B.T.'s spine, question B.T.'s parents, inform them of the curvature, or refer them to a specialist.

Doctors later diagnosed B.T. with scoliosis. During the course of treatment, B.T.'s parents examined his prior medical records, and discovered the prior spinal curvature notes. They brought this action for medical malpractice against the United States, McMann, Ruess, and Fisher. B.T. claims that the doctors should have followed up on the curvature in the x-ray and that, if they had, his scoliosis would not have been as severe as it is.

The United States argues that B.T.'s claim is barred by the two-year statute of limitations[1] because his scoliosis was diagnosed in 2007 and he did not file a claim with the government until 2011. B.T. contends that his claim did not accrue until 2011, when he discovered McMann, Ruess, and Fisher's actions. Both parties seek summary judgment on the issue.

B.T also moves for summary judgment on liability, claiming that the United States has not disclosed any witnesses who will testify that McMann, Ruess, and Fisher met the standard of care. The United States responds that McMann, Ruess, and Fisher themselves will testify that they are not liable because their actions met the standard of care.

### I.   BACKGROUND

B.T was born on August 1, 2006, at Naval Hospital Okinawa (NHO) to Susane and Matthew Turner. On January 19, 2007, NHO physicians noticed a testicular mass and referred him to Dr. McMann at Tripler. Dr. McMann diagnosed B.T. with a testicular tumor and scheduled a surgery to remove it. Before the surgery, McMann ordered a chest x-ray. In order to

---

[1] Although B.T. was and is a minor, the limitations period on his FTCA claim is not tolled.

get an accurate x-ray, B.T. was placed in a device that held him in place. Dr. Fisher and Dr. Ruess reviewed the x-ray and noted a curvature in B.T.'s spine: "Apparent thoracic levo curvature, this may be positional in nature, recommend correlation with physical examination." [Dkt. #20 Exh. 6]. Dr. McMann noted the same curvature in her reports, but did not examine B.T.'s spine. Dr. McMann did not tell B.T.'s parents about the curvature, refer them to a specialist, or otherwise act on the findings.

In August of 2007, the Turners were concerned about what they thought was an "overdeveloped muscle" in B.T.'s back. AT B.T.'s next regular check-up, the Turners mentioned it to an NHO doctor who claimed there was no problem. When it didn't go away, the Turners reiterated their concern to a different NHO doctor in October of 2007. The new doctor ordered x-rays and referred B.T. to Dr. Burkhalter, an orthopedist at Tripler. Dr. Burkhalter diagnosed B.T. with scoliosis. He told the Turners that the scoliosis was severe because it had been caught late. He also mentioned that the scoliosis may have responded better to treatment if it had been caught earlier, but assured the Turners that it was not related to the previous testicular mass.

B.T. began treatment with Dr. Burkhalter in December of 2007. Dr. D'Astous took over treatment in 2008. On March 8, 2011, the Turners sought medical records from Madigan Army Medical Center at Dr. D'Astous's request. Records from Tripler were included with the records given to the Turners, including the Tripler x-ray and spine-related findings. That was the first time the Turners learned that McMann, Ruess, and Fisher had noticed a curvature in B.T.'s spine in January 2007.

Because the incident took place in a military hospital, B.T. initiated this action by filing a claim with the government on October 13, 2011. The government denied the claim on March 18, 2013. B.T. sued in this Court, alleging medical malpractice for failure to diagnose. Now both the

United States and B.T. move for summary judgment on the statute of limitations. The United States argues that B.T.'s claim is barred by the two-year statute of limitations because the harm occurred in 2007, more than two years before he filed a claim with the United States. B.T. claims that his claim did not accrue until 2011, when he discovered that McMann, Ruess, and Fisher had failed to inform him of or to otherwise act on their spine-related findings. B.T. also argues that he is entitled to summary judgment on liability because the United States has not identified any witnesses who could claim that that McMann, Ruess, and Fisher's actions met the standard of care.

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

B.   **Statute of Limitations**

   1.   **Applicable Statute**

B.T. brought this action under the Federal Tort Claims Act. All claims under the FTCA must be brought within two years of accrual. 28 U.S.C.A § 2401(b). It is undisputed that B.T. filed his claim with the appropriate federal agency (the United States Army) on October 13, 2011.

   2.   **Accrual of B.T.'s Claim**

The United States argues that B.T.'s claim accrued in December of 2007, the date that B.T. was first diagnosed with severe scoliosis. At that time the doctor also told him that his condition was worse because it had not been diagnosed earlier. B.T. responds that, although he was diagnosed in 2007, he did not discover McMann, Ruess, and Fisher's spine-related notes until March of 2011. On that date, B.T. argues he was aware of both his legal injury, the advanced degree of his scoliosis, and the fact that McMann, Ruess, and Fisher should have diagnosed him before it became so advanced.

An FTCA medical malpractice claim accrues when the plaintiff discovers the existence and cause of his injury. *United States v. Kubrick*, 444 U.S. 111 (1979). In *Davis v. United States* 642 F.2d 328, 331 (9th Cir. 1981) the court held that the statute of limitations does not begin to run until both elements separately were, or should have been, discovered.

In *Mamea v. United States* 781 F. Supp. 2d 1025 (D. Haw. 2011) the court held that a claim did not accrue when only the injury was known. 781 F. Supp. 2d 1025 (D. Haw. 2011). For accrual, the plaintiff had to also know that the defendant was responsible for the injury: "[W]here the claim is based upon the failure to properly diagnose, treat, or warn about a pre-existing condition, the plaintiff must also be armed with reasonable information that the defendant's actions or inactions are implicated in the worsening of the plaintiff's condition." *Id.* at 1039.

Mamea suffered from end stage renal disease and kidney failure. *Id.* at 1029. When she was first diagnosed, Mamea had no reason to believe she should have been diagnosed earlier. *Id.* at 1038. The Court held that Mamea's claim for failure to diagnose did not accrue until she had motive and an opportunity to review medical records linking her injury to a visit at another hospital.

The United States argues that B.T. knew of his condition in December of 2007 and had reason to believe that previous doctors had negligently failed to diagnose him because he knew that the scoliosis was caught late. Furthermore, the Turners had asked about B.T.'s back issue at a previous NHO doctor's visit and had asked at the December visit if B.T.'s scoliosis was related to the previous Tripler visit. The United States asserts that the Turners' actions clearly demonstrate that they had notice of the possibility of negligence.

Even if B.T. was aware of his injury and the possibility of negligence causing his injury, B.T. had no reason to know that McMann, Ruess, and Fisher were involved until March, 2011. The United States' argument that B.T. knew about the NHO doctors' failure to diagnose him in August of 2007 has no bearing on whether he had notice of McMann, Ruess, and Fisher's spine-related notes or their failure to act. B.T. saw McMann, Ruess, and Fisher to treat a testicular mass, not to examine his spine. Nevertheless, while treating the testicular mass, McMann, Ruess, and Fisher learned B.T.'s spine was curved but failed to alert his parents or refer him to a specialist. B.T. did not know until 2011 that McMann, Ruess, and Fisher had that information. Furthermore, when B.T. was diagnosed with scoliosis, the Turners asked if it was related to the previous testicular problem and were told it was not. There was no reason for the Turners to suspect McMann, Ruess, and Fisher played any role in the worsening of B.T.'s condition until they learned about the x-ray and the doctors' undisclosed suspicions in March of 2011.

Thus, B.T.'s claim against the United States did not accrue until March of 2011 when he was given information linking McMann, Ruess, and Fisher to his injury. At that time, B.T. had discovered both his injury and its cause. Therefore, B.T.'s October, 2011 claim is timely. B.T.'s Motion for Summary Judgment on this issue [Dkt. #18] is GRANTED and the United States' motion [Dkt. #16] is DENIED.

### C. Liability

B.T. also seeks summary judgment on liability. B.T. asserts that the United States has not disclosed any expert witnesses who could testify that McMann, Ruess, and Fisher's actions met the standard of care. The United States contends that McMann, Ruess, and Fisher will all testify that—as stated in their depositions—their actions met the standard of care. Even if the United States does not dispute what the standard of care is, McMann, Ruess, and Fisher can argue that their actions met the standard. Their testimony is evidence that creates a material question of fact. Therefore, summary judgment is not appropriate on the issue of liability. B.T.'s Motion for Partial Summary Judgment [Dkt. #19] on this issue is DENIED.

### III. CONCLUSION

The United States' Motion for Summary Judgment on the limitations period [Dkt. #16] is DENIED.

B.T.'s Motion for Summary Judgment on the statute of limitations [Dkt. #18] is GRANTED, and the United States' affirmative defenses based on the limitations period are DISMISSED.

B.T.'s Motion for Partial Summary Judgment on liability [Dkt. #19] is DENIED.

IT IS SO ORDERED.

Dated this 22nd day of July, 2014.

                            *[signature]*

                            RONALD B. LEIGHTON
                            UNITED STATES DISTRICT JUDGE