HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| B.T., et al. | CASE NO. C13-5166 RBL |
| Plaintiff, | ORDER DENYING PARTIAL SUMMARY JUDGEMENT |
| v. | [DKT. #43] |
| UNITED STATE OF AMERICA, et al., | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff B.T.'s Motion for Partial Summary Judgment on Causation and Injuries [Dkt. #43]. B.T. seeks judgment as a matter of law that Defendant United States' actions were the proximate cause of his injuries. B.T. also seeks judgment as a matter of law that his injuries include (1) the need for internal fixation to treat his scoliosis and (2) pulmonary injury with decreased lung capacity as a result of his scoliosis.

In 2007, B.T. visited Dr. McMann, a urologist, at Tripler Army Medical Center to treat a testicular mass. During the visit, B.T. had an x-ray taken of his chest. Radiologists Fisher and Ruess noted a curve in B.T.'s spine and reported it to Dr. McMann, who noted it in her records. Dr. McMann did not physically examine B.T.'s spine, question B.T.'s parents, inform them of the curvature, or refer them to a specialist.

ORDER DENYING PARTIAL SUMMARY JUDGEMENT - 1

Doctors later diagnosed B.T. with scoliosis. During the course of treatment, B.T.'s parents examined his prior medical records, and discovered the previous spinal curvature notes. They brought this action for medical malpractice against the United States, McMann, Ruess, and Fisher. B.T. claims that the doctors should have followed up on the curvature in the x-ray and that, if they had, his scoliosis would not have been as severe as it is.

B.T. now moves for partial summary judgment arguing that the United States' only expert in causation and injuries, Dr. Krengel, does not dispute the testimony of B.T.'s experts who claim that B.T. was severely injured and that McMann, Ruess, and Fisher are the cause. The United States responds that Dr. Krengel's testimony clearly asserts that McMann, Ruess, and Fisher's actions did not cause B.T.'s injuries and that, because B.T. has not established causation, summary judgment on damages is not appropriate at this time.

## I.   DISCUSSION

### A.   Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient."  *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from

which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### B.       Proximate Cause

B.T. argues that the United States has no expert to contradict the cause-related testimony of B.T.'s own experts. B.T. points to various statements by Dr. Krengel implying that he accepts the conclusions of B.T.'s experts. For example:

> [Question]: Do you accept that Dr. D'Astous, based upon his experience in casting, is able to achieve a normal spine in 30 to 40 percent of the kids he treats if casting is started at the appropriate time?
> [Dr. Krengel]: If that's what he says, I have no reason to object to that.

[Dkt. #44, Exh. 17]. B.T. argues that these admissions remove all questions of fact regarding causation.

Individual statements such as those referenced by B.T. do not conclude all questions of fact. Dr. Krengel clearly states in his report that he believes McMann, Ruess, and Fisher's action did not cause B.T.'s injury:

> *It seems also most likely that he would still have required scoliosis surgery at a later date, and still have restrictive pulmonary disease.* The contention that complete resolution of the curve would have probably occurred, a vastly shorter period of treatment would have probably been required, and that there was a high likelihood of complete resolution of B.T.'s scoliosis within a few years of initiating treatment, if it had been recognized earlier is an overstatement. *None of these contentions are likely.*

[Dkt. 47] (emphasis added). Conflicting opinions between experts on opposing sides create a material question of fact. Plaintiff's Motion for Summary judgment on the issue of causation is DENIED and that issue will be determined at trial.

### C.       Injuries

B.T. similarly argues that the United States also has no expert to contradict that B.T.'s injuries include (1) the need for internal fixation to treat his scoliosis and (2) pulmonary injury

1    with decreased lung capacity as a result of his scoliosis. Because this court has already denied

2    summary judgment on the issues of proximate cause and liability (*see* Dkt. #49), summary

3    judgment on damages is premature at this time. Plaintiff's Motion for Summary judgment on the

4    issue of damages is DENIED and that issue will be determined at trial.

5          IT IS SO ORDERED.

6          Dated this 1st day of August, 2014.

7

8

9    _____

10         RONALD B. LEIGHTON
           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28